UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

| | |
|---|---|
| Huijuan Chen, <br><br> And <br><br> Wei Cai, <br>          Plaintiff <br> v. <br><br> Denis Riorden, District Director <br> of the Boston District Office of the <br> Bureau of Citizenship and <br> Immigration Services, <br><br> Eduardo Aguirre, Jr., Undersecretary of the <br> Department of Homeland Security and <br> Director of the Bureau of Citizenship and <br> Immigration Services, <br><br> Michael Chertoff, Secretary of the <br> Department of Homeland Security, <br><br> and <br><br> The U.S. Department of Homeland Security <br> Bureau of Citizenship and Immigration <br> Services. <br>          Defendants. | Case No._____ <br><br> **05-40161 FDS** <br><br><br> RECEIPT #404657 <br> AMOUNT $250.00 <br> SUMMONS ISSUED ✓ <br> LOCAL RULE 4.1 ✓ <br> WAIVER FORM ✓ <br> MCF ISSUED ✓ <br> BY DPTY. CLK. _____ <br> DATE 9/16/05 |

**COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS**

**INTRODUCTION**

This action is brought by Plaintiffs Huijuan Chen and Wei Cai to compel the Defendants to adjudicate Plaintiff Chen's application to register permanent residence or adjust status and Plaintiff Cai's application for action on an approved application or petition. Plaintiff Chen's application has been on file with the Bureau of Citizenship and Immigration Services (BCIS) and

its predecessor agency, the Immigration and Naturalization Service (INS) since October 23, 1997. To date, the Defendants have neglected their duty, and have failed to adjudicate Plaintiff's applications.

**PARTIES**

1. Plaintiff Huijuan Chen is an individual, and a native and citizen of the People's Republic of China. Plaintiff Chen presently resides in Worcester, Massachusetts.

2. Plaintiff Wei Cai is an individual and a native and citizen of the People's Republic of China. Plaintiff Name presently resides in Shanghai, China.

3. Defendant Denis Riorden is the duly appointed District Director of the Boston District Office of the BCIS. Defendant Riorden is charged under law and regulation [8 C.F.R. §245.2(a)] with the obligation of adjudicating applications by aliens seeking to adjust status to permanent residence based on employment based preference petitions—such as Plaintiff's. Defendant Riorden is named in his official capacity of District Director.

4. Defendant Eduardo Aguirre, Jr., is the duly appointed Undersecretary of the Department of Homeland Security and Director of the BCIS. Defendant Aguirre is charged under law and regulation [8 C.F.R. §245.2(a)] with the obligation of adjudicating applications by aliens seeking to adjust status to permanent residence based on employment based preference petitions—such as Plaintiff's. Defendant Aguirre is named in his official capacity of Director of the BCIS.

5. Defendant Michael Chertoff is the duly appointed Secretary of the Department of Homeland Security. Defendant Chertoff is charged under law and regulation [8 C.F.R. §245.2(a)] with the obligation of adjudicating applications by aliens seeking to adjust status to permanent residence based on employment based preference petitions—such as Plaintiff's.

Defendant Chertoff is named in his official capacity of Secretary of the Department of Homeland Security.

6. Defendant BCIS is a federal agency within the Department of Homeland Security which is mandated by law [8 U.S.C. §1103] to supervise, implement, and enforce the Immigration and Nationality Act, including, applications to register permanent residence or adjust status.

**JURISDICTION**

7. This is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to the Plaintiffs, by which jurisdiction is conferred, to compel Defendants and those working under him to perform duties they owe to the Plaintiffs.

8. Jurisdiction is also conferred by 5 U.S.C. §704. Plaintiffs are aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires, in order to confer jurisdiction on the District Courts. 5 U.S.C. §702 *et seq*.

9. The aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

10. Costs and attorneys fees are sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504, and 28 U.S.C. §2412(d), *et seq*.

**VENUE**

11. Venue is proper in the Central Division of the U.S. District Court for the District of Massachusetts pursuant to 28 U.S.C. §1391(e) because the defendants are officers or employees of a U.S. government agency acting in their official capacity and/or an agency of the

U.S. Government, Plaintiff Chen resides within said District and Division, and there is no real property involved in this action.

**REMEDY SOUGHT**

12. Plaintiff Chen seeks an order compelling Defendants to adjudicate her application to adjust status to permanent resident alien. Plaintiff Cai seeks an order compelling Defendants to adjudicate a application for action on an approved application or petition.

**CAUSE OF ACTION**

**COUNT ONE – COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS AS TO PLAINTIFF CHEN'S ADJUSTMENT APPLICATION**

13. Plaintiff Huijuan Chen was born on March 21, 1959 in Shanghai, China.

14. On or about June 7, 1984, Plaintiff Huijuan Chen married Mr. Anyu Cai in Shanghai, China.

15. On or about March 1, 1996, Plaintiff Chen entered the United States at Los Angeles, California. Plaintiff Chen was inspected and admitted as a Visitor for Pleasure and permitted to remain in the United States until September 28, 1996.

16. On or about September 4, 1997 Total Peripherals, Inc. of Northborough, Massachusetts filed an Immigrant Petition for Alien Worker with the Vermont Service Center of the INS. This petition listed Plaintiff's spouse Mr. Anyu Cai as the beneficiary.

17. On or about October 9, 1997, The Vermont Service Center of the INS approved the Total Peripherals/Cai petition. Approval of this petition permits Mr. Cai and his immediate family members to seek status as lawful permanent resident aliens from the INS. INA §203(a)(3) and §203(d) [8 U.S.C §1153(a)(3) and (d).

18.     On or about August 23, 1997, pursuant to INA §245(i) [8 U.S.C. §1255(i)] Plaintiff Chen filed an application to register permanent residency or adjust status (application to adjust status) with the Vermont Service Center of the INS. Plaintiff Chen claimed eligibility to adjust status as a derivative of Anyu Cai's previously approved employment based immigrant visa petition. If approved, Plaintiff Chen would be accorded status as permanent resident alien in the United States.

19.     On a date unknown to plaintiff, Plaintiff Chen's application to adjust status was transferred from the Vermont Service to the care and custody of Defendant Riorden and the Boston District office of the INS.

20.     On October 3, 2000, through counsel, Plaintiff Chen sent a letter to the Boston District office of the INS inquiring on the status of her adjustment application.

21.     On November 4, 2002, an Immigration Judge of the Boston Office of the U.S. Department of Justice's Executive Office for Immigration Review granted Anyu Cai's application for adjustment of status.

22.     On December 18, 2002, through counsel, Plaintiff Chen sent a letter to the Boston District office of the INS informing the INS of Mr. Cai's adjustment approval and requesting the INS to act on Plaintiff Chen's adjustment application.

23.     In early 2003, Plaintiff Chen, through counsel, made a telephone inquiry with the Vermont Service Center of the INS.

24.     On February 28, 2003, pursuant to the Homeland Security Act of 2002, Pub.L. 107-296, responsibility for the administration of the Immigration and Nationality Act was transferred from INS to Defendant BCIS. See 68 Fed. Reg. 9824-46 (Feb. 28, 2003).

25.     On May 28, 2003, through counsel, Plaintiff Chen sent a letter to the Boston District of the BCIS. In this letter, Plaintiff Chen informed Defendant BCIS of Mr. Cai's

adjustment approval and requested Defendant BCIS to act on Plaintiff Chen's adjustment application.

26. On August 13, 2003, Plaintiff Chen appeared in Defendant BCIS' Boston Office and filed an inquiry on the status of her adjustment application with an Immigration Information Officer.

27. On September 26, 2003, through counsel, Plaintiff Chen sent a letter to the Boston District of the BCIS. In this letter, Plaintiff Chen informed Defendant BCIS of Mr. Cai's adjustment approval and requested Defendant BCIS to act on Plaintiff Chen's adjustment application.

28. On May 27, 2004, Plaintiff Chen appeared in Defendant BCIS' Boston Office and filed an inquiry on the status of her adjustment application with an Immigration Information Officer.

29. On October 25, 2004, through counsel, Plaintiff Chen sent a letter to the Boston District of the BCIS. In this letter, Plaintiff Chen informed Defendant BCIS of Mr. Cai's adjustment approval and requested Defendant BCIS to act on Plaintiff Chen's adjustment application.

30. On December 7, 2004, through counsel, Plaintiff Chen sent a letter to the Boston District of the BCIS. In this letter, Plaintiff Chen informed Defendant BCIS of Mr. Cai's adjustment approval and requested Defendant BCIS to act on Plaintiff Chen's adjustment application.

31. On December 21, 2004, Plaintiff Chen appeared in Defendant BCIS' Boston Office and filed an inquiry on the status of her adjustment application with an Immigration Information Officer.

32. To date, Plaintiff Chen's application to adjust status remained unadjudicated.

33. Plaintiff Chen has suffered harm due to the Defendant's inaction.

34. Plaintiff Chen is forced by law to apply for and receive permission from the Defendants to work. 8 C.F.R. §274a.13(a). Defendant BCIS grants employment authorization in one year increments. Defendant BCIS presently demands a fee of $175.00 to adjudicate an application for employment authorization. 8 C.F.R. §103.7. By regulation, Defendant BCIS can take up to 90 days to adjudicate an application for employment authorization. 8 C.F.R. §274a.13(d).

35. Employment authorization is implicit in status as a permanent resident alien. INA §274A(h)(3) [8 U.S.C. § 1324a(h)(3)]. Separate yearly employment authorization applications are not required of permanent resident aliens. Once Plaintiff Chen's application to adjust status is adjudicated and assuming it is granted, Plaintiff Chen will no longer be required apply yearly for employment authorization.

36. Because of Defendants' neglect of duty and failure to adjudicate his application to adjust status, Plaintiff Chen is now and will be required to apply for and pay Defendant BICS a yearly fee for work authorization in perpetuity or until such time as Defendants perform their duty and adjudicate Plaintiff's application to adjust status.

37. Plaintiff Chen is not permitted to depart from the United States. Should Plaintiff Chen depart the United States, Plaintiff's adjustment of status application would be withdrawn as abandoned as a matter of law. 8 C.F.R. 245.2(a)(4)(ii), Le v. Waters, 863 F.Supp. 1104 (N.D.Cal 1994).

38. Should Plaintiff Chen depart the United States, she would be ineligible to receive a U.S. visa for ten years. INA §212(a)(9)(B) [8 U.S.C. §1182(a)(9)(B)].

39. Visa free entry into the United States is implicit in status as a permanent resident alien. INA § 215(a) [8 U.S.C. 1185(a)]. Once Plaintiff Chen's application to adjust status is

adjudicated and assuming it is granted, she will be permitted to travel freely in and out of the United States.

40. Because of Defendants' neglect of duty and failure to adjudicate her application to adjust status, Defendant is a virtual prisoner in the United States, a condition that will continue in perpetuity or until such time as Defendants perform their duty and adjudicate Plaintiff's application to adjust status.

41. Defendants owe Plaintiff Chen a duty to adjudicate her application to adjust status.

42. Plaintiff Chen asserts that the Defendants have no legal basis for delaying adjudication of her application for almost eight years and for failing to adjudicate her application.

43. Plaintiff Chen has no administrative remedies. There are no administrative remedies provided for the Defendants' neglect of duty.

44. Mandamus is appropriate because there is no other remedy at law.

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff Chen respectfully prays that the Defendants be cited to appear before this honorable court and that, upon due consideration, the Court enter an order:

1. Compelling the Defendants to perform their duty and decide Plaintiff Chen's application to register permanent residence or adjust status;

2. Award attorneys fees and costs; and

3. Grant such other relief as may be proper under the circumstances.

///

///

# COUNT TWO – COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS AS TO PLAINTIFF CAI"S APPLICATION FOR ACTION ON AN APPROVED APPLICATION OR PETITION

45. Plaintiff Wei Cai was born on December 7, 1985 in Shanghai, China to Mr. Anyu Cai and Ms. Huijuan Chen.

46. On or about September 4, 1997, Total Peripherals, Inc. of Northborough, Massachusetts filed an Immigrant Petition for Alien Worker with the Vermont Service Center of the INS. This petition listed Plaintiff's father Mr. Anyu Cai as the beneficiary.

47. On or about October 9, 1997, The Vermont Service Center of the INS approved the Total Peripherals/Cai petition. Approval of this petition permits Mr. Cai and his immediate family members including his son Plaintiff Cai to seek an immigrant visa from the U.S. consulate in Guangzhou, China and seek status as lawful permanent resident aliens from Defendant BCIS. INA §203(a)(3) and §203(d).

48. On or about March 28, 2003, Plaintiff Cai, through counsel, contacted the U.S, consulate in Guangzhou, China to inquire to request the consulate to begin immigrant visa processing for Plaintiff Cai. The consulate informed Plaintiff Cai that he needed to present an original approval notice for an Application for Action on an Approved Application or Petition from Defendant BCIS.

49. On or about April 15, 2005, Anyu Cai, though counsel filed an Application for Action on an Approved Application or Petition with the Vermont Service Center of Defendant BCIS. In this application, Mr. Cai requested Defendant BCIS inform the U.S. consulate in Guangzhou, China of his immigrant visa petition approval and issue an immigrant visa to his son, Plaintiff Cai.

50. On June 24, 2005, the Vermont Service transferred Mr. Cai's Application for

Action on an Approved Application or Petition to Defendant Riorden.

51. To date, Mr. Cai's Application for Action on an Approved Application or Petition remains unadjudicated.

Defendants owe Plaintiff Chen a duty to adjudicate his application.

52. Plaintiff Cai asserts that the Defendants have no legal basis for delaying adjudication of his application and for failing to adjudicate her application.

53. Plaintiff Cai has no administrative remedies. There are no administrative remedies provided for the Defendants' neglect of duty.

54. Mandamus is appropriate because there is no other remedy at law.

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff Chen respectfully prays that the Defendants be cited to appear before this honorable court and that, upon due consideration, the Court enter an order:

1. Compelling the Defendants to perform their duty and decide Plaintiff Cai's Application for Action on an Approved Application or Petition;

2. Award attorneys fees and costs; and

3. Grant such other relief as may be proper under the circumstances.

Respectfully submitted,
Huijuan Chen and Wei Cai
By their Attorney

Date: September 14, 2005

Richard M. Green  BBO 650973
57 East Main St. Suite 211
Westborough, MA 01581
Tel:   (508) 616-0024
Fax:   (508) 616-0221

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05 - 40161 FDS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Huijuan Chen and Wei Cai

**DEFENDANTS**
Denis Riorden, Eduardo Aguirre, Jr., Michael Chertoff, and the US Department of Homeland Security

(b) County of Residence of First Listed Plaintiff: **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard M. Green, Esq., 57 East Main St. Suite 211, Westboro, MA 01581
508-616-0024

Attorneys (If Known)
Michael J. Sullivan, Esq., Donohue Federal Building, 595 Main St. Room 206, Worcester, MA 01608

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Complaint for Mandamus persuant to 28 U.S.C. § 1361

Brief description of cause:
To compel defendants to adjudicate Plaintiff's immigration application

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 09/14/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05-40161 FDS**

1. Title of case (name of first party on each side only) __Chen v. Riorden__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
    - [x]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
    - [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
    - [ ]  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
    - [ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]    NO [x]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]    NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [x]    NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [ ]    Central Division [x]    Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Richard M. Green, Esq.__
ADDRESS __57 East Main St. Suite 211 Westborough, MA 01581__
TELEPHONE NO. __508-616-0024__

(CategoryForm.wpd - 5/2/05)