UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUIJUAN CHEN and WEI CAI,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Civil Action No. 05-40161-FDS |

## DEFENDANTS' ANSWER
## TO PLAINTIFFS' COMPLAINT FOR WRIT OF MANDAMUS
## AND
## OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT

Defendants, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* ("defendants" or "government"), by and through their attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Anton P. Giedt, Assistant United States Attorney, hereby file the following Answer to plaintiffs' Complaint and Opposition to Plaintiffs' Motion for Judgment by Default pursuant to Fed. R. Civ. P. 55(b)(2).

**Defendants' Answer to Plaintiffs' Complaint for Writ of Mandamus**

In response to the numbered paragraphs of plaintiffs' Complaint, defendants respond as follows:

**Introduction**

Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

**Parties**

1. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

2. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

**Jurisdiction**

7. The allegations of paragraph 7 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

8. The allegations of paragraph 8 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

9. The allegations of paragraph 9 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

10. The allegations of paragraph 10 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

**Venue**

11. The allegations of paragraph 11 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

**Remedy Sought**

12. This is a statement describing the remedy sought by the plaintiff, to which no response is required, to the extent a response is required, such allegations are denied.

**Cause of Action**

**Count One – Complaint for Relief in the Nature of Mandamus as to Plaintiff Chen's Adjustment Application**

13. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

14. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

15. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

16. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

17. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

18. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

19. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

20. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

21. Defendants have insufficient information to confirm or deny the allegations, to the extent

a response is required, such allegations are denied.

22. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

23. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

24. The allegations of paragraph 24 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

25. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

26. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

27. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

28. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

29. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

30. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

31. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

32. Admitted.

33. Denied.

34. Admitted.

35. Admitted.

36. Denied.

37. Denied. If plaintiff Chen follows proper procedure regarding advance parole (Form I-512) the status adjustment application in question would not be withdrawn.

38. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

39. The allegations of paragraph 39 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied. Plaintiff Chen is required to appear for an interview at USCIS on the status adjustment application in question, and have new fingerprints taken and satisfy the requirements of national security checks prior to having said application adjudicated.

44. Denied.

WHEREFORE Paragraph, items 1, 2, and 3.

This is a statement describing the remedy and relief sought by the plaintiffs, to which no response is required, to the extent a response is required, such allegations are denied.

**Count Two – Complaint for Relief in the Nature of Mandamus as to Plaintiff Cai's Application for Action on Approved Application or Petition**

45. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

46. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

47. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied. Further, the allegations include conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

48. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

49. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

50. Defendants have insufficient information to confirm or deny the allegations, to the extent a response is required, such allegations are denied.

51. Denied. Mr. Anyu Cai's application was adjudicated by the Immigration Court on November 4, 2002.

52. Denied.

53. Denied.

54. Denied.

WHEREFORE paragraph and items 1, 2, and 3.

This is a statement describing the remedy and relief sought by the plaintiffs, to which no response is required, to the extent a response is required, such allegations are denied.

## Affirmative Defenses

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his administrative remedies.

3. Lack of subject matter jurisdiction.

## Opposition to Plaintiffs' Motion for Judgment by Default

With respect to the Motion for Judgment by Default (Docket No.: 7), the defendants oppose the motion on the following grounds:

1. Service of process on the United States Attorney, as required under Fed. R. Civ. P. 4(i), was perfected on or about September 23, 2005 (Docket No.: 2), and on the Attorney General on or about October 4, 2005 (Docket No.: 4). Under Fed. R. Civ. P. 12(a)(3), the government is allowed 60 days to respond, and a response was due on or about November 25, 2005, a day after a federal holiday (see Fed. R. Civ. P. 6), and two days after Plaintiffs' Motion for Judgment by Default was filed. Thus the Plaintiffs' Motion was premature.

2. Since the beginning of October, 2005, the Department of Homeland Security ("DHS") has been working to research the plaintiffs' application status, which involves three separate files, in order to respond to the Complaint and to determine if this action can be resolved without further litigation. Because of the volume of applications being processed by the DHS and limited resources available to do such processing, it has taken

7

      longer than anticipated to locate all of the plaintiffs' files and to determine their status. Although the files have been located, one file (Anyu Chai) is outside the jurisdiction at the National Records Center and is in the process of being delivered to the local DHS office. These factors have delayed the government's ability to respond effectively to the Plaintiffs' Complaint. Although the DHS is still in the process of obtaining all of the relevant information, the government is providing the Answer set forth above.

3. Plaintiffs failed to confer with Defendants prior to filing their Motion as required under Local Rule 7.1(A)(2).

4. Under Fed. R. Civ. P 55(e), no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the Court. As explained above, the government has been working to respond to the plaintiffs' Complaint and to determine if this action can be resolved (or narrowed) with little or no further litigation. The government has also answered the Complaint with this filing. Plaintiffs' Motion for Judgment by Default was filed prematurely, without conferring with the government, and is based solely on the government's failure to plead or otherwise defend against the Complaint, which the government has now done with this filing. This does not establish a claim or a right to the relief requested and is not a satisfactory basis for granting such relief.

For the foregoing reasons the defendants oppose the plaintiffs' Motion for Judgment by Default and respectfully request that the Court deny the Plaintiffs' Motion.

                    Respectfully submitted,

                    UNITED STATES OF AMERICA

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:   /s/ Anton P. Giedt 12/8/05
       Anton P. Giedt
       Assistant U.S. Attorneys
       1 Courthouse Way
       Boston, MA 02210
       617-748-3309 (Voice)
       617-748-3967 (Fax)
       anton.giedt@usdoj.gov

---

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                              Boston, Massachusetts
                                                             DATE: December 8, 2005

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Plaintiffs' counsel of record electronically and by first class mail.

                                             /s/ Anton P. Giedt
                                             Anton P. Giedt
                                             Assistant U.S. Attorney